# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

**Case No. 04-CR-248**

    -vs-

**JEFFERSON N. CALIMLIM,
ELNORA M. CALIMLIM, and
JEFFERSON M. CALIMLIM,**

        Defendants.

# ORDER

Before the Court are various post verdict motions of the defendants, Jefferson N. Calimlim, Elnora M. Calimlim, and Jefferson M. Calimlim. The defendants, Jefferson N. Calimlim and Elnora M. Calimlim, bring motions under Federal Rule of Criminal Procedure 29(c) and 12(b)(3)(B). Jefferson M. Calimlim also brings a motion pursuant to Rule 29(c).

In addition to the above, Jefferson N. Calimlim and Elnora M. Calimlim move the Court for a bond pending appeal pursuant to 18 U.S.C. § 3143(b)(1).

In a previous order the Court ordered restitution in the amount of $916,635.16.

The Court has read the submissions and reviewed the record and rules as follows. Jefferson N. Calimlim, Elnora M. Calimlim, and Jefferson M. Calimlims' motions for acquittal are denied. Jefferson N. Calimlim and Elnora M. Calimlim's motions for dismissal are also denied.

Jefferson N. and Elnora M. Calimlims' motion for bond pending appeal is denied.

## Judgment of Acquittal on Counts 1 and 2

The Court has reflected on and given additional consideration to the defendants' motions for acquittal and concludes that the Court must give the same response that it gave to the motions offered at the close of the evidence. No new facts and law are offered to alter the Court's original conclusions. First, the Court finds there was more than sufficient evidence presented to convince a reasonable jury of the defendants' guilt as to Counts 1 and 2.

Second, the defendants argue the government's prosecution under the forced labor statutes produced the same fatal defect found by the U.S. Supreme Court in *U.S. v. Kozminski*, 487 U.S. 931 (1988). Congress's attempt to remedy *Kozminski's* narrow interpretation of the statute by including the term "serious harm," without further definition, created a statute that was vague on its face and, at minimum, vague as applied. Third, and similarly, defendants argue that the "serious harm" standard is "overbroad." And finally, the instructions given to the jury were an inaccurate statement of the law further compounding the error that resulted in the prosecution of the defendants under this statute.

In short, the defendants' argue Congress did not address the concern expressed by the Supreme Court in *Kozminski* resulting in the same defects of vagueness and overbreadth, both facially and as applied, leading to a violation of defendants' due process rights. While the Court agreed with the defendants that the Court was treading on "relatively new ground," it concluded at the close of evidence and, with greater conviction, concludes now, that it was clearly the intent of Congress to expand the reach of the law, and that said expansion was done in a clear and understandable fashion. Furthermore, while case law interpreting this statute is less than voluminous, there was more than sufficient precedent to uphold its validity. Finally, the instructions to the jury more than adequately explained it. As to those jury instructions, the Court

relied upon appropriate sources and authority to craft them. The instructions were a correct statement of the law. Applying the same reasoning the Court relied upon earlier, the Court denies defendants' motions for Judgment of Acquittal on or Dismissal of Counts 1 and 2.

### Bond Pending Appeal

Fatal to the defendants' request to remain on bond pending appeal is the fact that no serious challenge is made to Counts 3 and 4 for which the defendants were sentenced, on each, to 48 month concurrent sentences. The showing the defendants make relative to their success on appeal with respect to Count 3 is minimal, and clearly they are subject to sentencing on Counts 3 and 4. With respect to Counts 1 and 2, the Court found that the defendants are not flight risks nor are they in any way a danger to the community. However, the defendants have, in essence, put forth the same reasons and arguments on the current motion as they raised in their previous Rule 29 motions and their Post Verdict Motion for Judgment of Acquittal or Dismissal. None of those arguments carried the day then, nor do they do so now in establishing a substantial issue that would likely result in a reversal or a new trial.

**NOW THEREFORE, BASED ON THE FOREOING, IT IS HEREBY ORDERED THAT:**

1. Jefferson N. Calimlim, Elnora M. Calimlim, and Jefferson N. Calimlims' Motion for Judgment of Acquittal or Dismissal is **DENIED**.

2. Jefferson N. Calimlim and Elnora M. Calimlim's Motion for Bond Pending Appeal is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**